UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BOUBACAR KONATE and )
MALI TRANSPORT, )
    Plaintiffs, )
)
v. ) NO. 2:12-CV-379
)
)
TONY'S WRECKER, )
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

This *pro se* case is currently before the Court on motions to dismiss filed by the defendant, Tony's Wrecker, [Docs. 3, 5], and plaintiff's request for a "court date to settle this matter," [Doc.7]. Plaintiffs have not responded to the motions to dismiss. For the reasons which follow, the request for a court date will be DENIED, the motions to dismiss will be GRANTED, and plaintiff's complaint will be DISMISSED WITHOUT PREJUDICE.

**I.    Background**

Although the factual basis for the plaintiffs' claims is not apparent from the face of the complaint or amended complaint, documents attached to the amended complaint shed some light on the plaintiffs' factual allegations. In August, 2002, plaintiffs' truck broke down and defendant was called to tow the truck to its repair facility near the intersection of I-81 and Highway 11-E. Plaintiffs asked for a repair estimate; however, when they called to check on the estimate they were told the truck had been repaired and the bill was $5,058.00. Plaintiffs claim defendant was not authorized to repair the truck and defendant double charged for some parts. The repair bill was paid and plaintiffs now seek the amount of the repair bill and other damages.

**II.    Motions to Dismiss**

Defendant's motions to dismiss pursuant to Federal Rule of Civil Procedure 12 allege: (1) Insufficiency of process; (2) insufficiency of service of process; (3) failure to state a claim upon which relief may be granted; and (4) lack of subject matter jurisdiction, [Doc. 3]. The Court need consider only one of the issues raised by the motions to dismiss. This Court lacks subject matter jurisdiction over the case. Generally, where subject matter jurisdiction is challenged by way of motion filed pursuant to Rule 12(b)(1), the plaintiff has the general burden of proving jurisdiction. *See, e.g., Rogers v. Straton Indus., Inc.*, 987 F.2d 913, 915 (6th Cir. 1986). Subject matter may not be presumed. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815 (S.D. Ohio 1999). Here, the complaint does not establish a federal cause of action, nor does it set forth a basis for diversity jurisdiction.

It is well established that the federal courts are courts of limited subject matter jurisdiction. The district court has original subject matter jurisdiction over actions involving "federal questions," those civil actions arising under the federal Constitution, federal law or treaties of the United States. *See* 28 U.S.C. § 1331. The district court also has original subject matter jurisdiction based on "diversity of citizenship," disputes between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

The plaintiffs appear to assert jurisdiction under 28 U.S.C. § 1331 by stating the grounds for filing this case in federal court as "Interstate Transportation," [Doc. 4, ¶ 1]. Plaintiffs, however, fail to plead a factual basis to support the exercise of subject matter jurisdiction or to support the imposition of liability against the defendant under federal law. The complaint identifies no federal

statute or federal question raised by this lawsuit and the Court does not have federal question jurisdiction under § 1331.

Although it does not appear that the defendant invokes jurisdiction on diversity of citizenship grounds, the Court has also considered whether or not such jurisdiction might exist. Clearly, the parties are citizens of different states; however, plaintiffs do not allege an amount in controversy that exceeds the jurisdictional amount. The law is well established that when a jurisdictional amount requirement is necessary to establish subject matter jurisdiction, the federal court must determine whether the matter in controversy in the case meets or exceeds that amount. In determining whether the jurisdictional amount requirement has been satisfied, the federal courts usually look at the record as of the time the issue is raised and typically rely upon the pleadings. Dismissal is justified if it appears from the face of the pleadings to a legal certainty that the claim is really less than the jurisdictional amount. *St. Paul Mercury Indemnity v. Red Cab*, 303 U.S. 282, 288-89 (1938). Plaintiffs in this case seek damages in an amount far less than $75,000 and do not meet the applicable standards for establishing subject matter jurisdiction on diversity grounds.

**III. Conclusion**

For the reasons set forth herein, the Court concludes that it lacks subject matter jurisdiction over this lawsuit and the complaint and amended complaint of the plaintiffs are DISMISSED WITHOUT PREJUDICE.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE